```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA        *

     vs.                        *   CRIMINAL NO. MJG-16-0324

ATIF BABAR MALIK, ET AL.        *

*       *       *       *       *       *       *       *       *
```

MEMORANDUM AND ORDER RE: FORFEITURE AND ASSET RESTRAINT

The Court has before it Defendant Atif B. Malik, M.D.'s Motion for Reconsideration of the Pretrial Orders Restraining More Than $5 Million In Untainted Assets [ECF No. 59] and the materials submitted relating thereto.  The Court has held a hearing and had the benefit of the arguments of counsel.

The Indictment presents 29 Counts including[1] forfeiture-related Counts charging Defendants Sandeep Sherlekar, Atif Babar Malik, Muhammad Ahmad Khan, Konstantin Bas, and Mubtagha Shah Syed of conspiracy to violate the Anti-Kickback Act [42 U.S.C. § 1320a-7b(b)(1)(A)], 18 U.S.C. § 1347, and 18 U.S.C. § 1035(a)(1) and 1035(a)(2).

The Indictment includes Forfeiture Allegations stating that the Defendants "shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), any and all property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to the charged offenses." Indictment

---

[1] In addition to other charges.

[ECF No. 1] at 33. In addition, the Indictment states the Government intends to seek forfeiture of substitute property "pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1)." Id.

On September 30, 2016, Defendant Sherlekar committed suicide. Defendant Malik, as beneficiary of a life insurance policy on Defendant Sherlekar's life, was therefore entitled to receive the policy proceeds of $5,000,000.00 plus interest. On January 20, 2017, the Government filed The United States of America's Motion Seeking a Pre-Trial Restraining Order With Respect to Certain Assets [ECF No. 44]. On January 23, 2017, to preserve the status quo, the Court granted the motion [ECF No. 45] without prejudice to the right of Defendant Malik[2] to move for reconsideration. The Order was amended on January 27, 2017 [ECF No. 49] to correct the name of the insurance company.

As discussed at the motion hearing:
- There are debatable legal issues regarding the maximum possible forfeiture recovery in the case.
    o The Government contends that the maximum possible forfeiture recovery is $4,064,776.64 [ECF No. 53].
    o Defendant Malik contends that the maximum possible forfeiture recovery is no more than $533,500.00 [ECF No. 59].
    o Co-defendants Khan, Bas, and Syed demand the right to be heard prior to any decision that could affect them regarding the amount of any forfeiture.

---

[2] Or any other claiming an interest.

- Defendant Malik wishes to retain new counsel who require a retainer of $1,750,000.00 to enter their appearance and represent him through the conclusion of the case, including any sentencing procedures.

    o The decision in Luis v. United States, ___ U.S. ___, 136 S. Ct. 1083 (2016), in broad terms, provides that pretrial restraint of a criminal defendant's untainted assets needed to retain counsel of choice violates the Sixth Amendment.

    o There is no contention that the insurance proceeds here at issue are "tainted" assets.

- Dr. Malik has made an informed decision to retain the counsel of his choice.

- The Government concedes that there can be no restraint of an amount computed as the insurance proceeds[3] less the maximum possible forfeiture recovery,[4] that is $963,712.63 as of February 1, 2017. [ECF No. 53].

- The Government and Defendant Malik have agreed in principal that Dr. Malik will effectively collateralize the Government's claim against the insurance proceeds with property having a value of approximately $630,000.00.[5]

- The Court is not approving or disapproving the $1,750,000.00 retainer demanded by counsel because:

    o More than $1,500,000.00[6] is being paid at the direction of Dr. Malik with funds as to which the Government has no claim, and

    o After paying the $1,750,000.00 to counsel, the Clerk will retain more than $3,250,000.00.

        ▪ Taking into account the above-mentioned approximately $630,000.00 of collateral, the

---

[3]   $5,000,000.00 plus interest.
[4]   $4,064,776.64.
[5]   The Court is confident that this will be done.
[6]   That is, more than $960,000.00 of uncontested funds plus the collateralization of some $630,000.00.

3

        Government effectively has security of $3,880,000.00.

- The gap between the maximum potential forfeiture recovery of $4,064,776.64 and the security of approximately $3,880,000.00, in light of the Government's ability to collect forfeiture amounts from other Defendants, is <u>de minimus</u> at most.

For the foregoing reasons:

1. Defendant Atif B. Malik, M.D.'s Motion for Reconsideration of the Pretrial Orders Restraining More Than $5 Million In Untainted Assets [ECF No. 59] is GRANTED IN PART.

2. The Amended Order (restraining insurance proceeds) [ECF No. 49] is hereby RESCINDED.

3. By Separate Orders:

    a. John Hancock shall be directed to pay the proceeds (with interest) of life insurance Policy #82979675 to the Clerk.

    b. The Clerk shall be directed to remit $1,750,000.00 of these funds to counsel for Defendant Malik and retain the balance for disbursement pursuant to further Order.

4. The determination of the amount of forfeiture, if any, shall be resolved in further proceedings in which all parties to the case who might be affected will be provided the opportunity to participate.

SO ORDERED, this <u>Tuesday, February 07, 2017</u>.

                                              _____/s/_____
                                              Marvin J. Garbis
                                    United States District Judge