IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     *

   vs.     *   CRIMINAL NO. MJG-16-0324

ATIF BABAR MALIK     *

\*   \*   \*   \*   \*   \*   \*   \*   \*

ORDER DENYING MOTION FOR MISTRIAL

The Court has before it Atif B. Malik, M.D.'S Motion for A Mistrial [ECF No. 250] filed during trial on October 16, 2017, and the materials submitted relating thereto. The motion was discussed and effectively denied in the course of trial proceedings. The Court finds no need for further discussion or any motion hearing. This written Order is provided to supplement the comments made on the record about this issue throughout trial. See, e.g., Trial Tr. III-29:7 to III-32:3 (October 13, 2017), Trial Tr. III-205:14 to III-210:12 (October 13, 2017), Trial Tr. 33:16 to 45:1 (October 16, 2017), and Trial Tr. 3:2-7:16 (October 17, 2017).

Defendant Malik contends that the Government sought to prejudice the jury by virtue of evidence and allegations regarding alleged medical practice improprieties. The Court finds that the Government did not seek to do so and that there was no attempt to prejudice Defendant Malik unfairly as

1

contended by the defense.

Based on the correspondence between the parties about this issue, the Government did not breach any alleged promise to exclude this information. Gov.'s Opp. at 3, ECF No. 256. Rather, the Government had only agreed not to introduce Justin Gowan's testimony, which would have described a specific incident that occurred when Dr. Sherlekar left the procedure room after placing the patient under anesthesia. In the months leading up to trial, the Government was transparent about the evidence that it intended to introduce regarding these medical issues. Gov.'s Opp. at 2-7, ECF No. 256.

One of Defendant's main arguments is that this evidence requires a mistrial because he did not have the opportunity to question the jurors about their opinions on patient safety issues during voir dire. To the contrary, in the Court's Questions for Jury Panel Private Answers, the Court included the following question: "Have you or any close friend or member of your immediate family ever had a negative experience with medical treatment?" This question adequately covers any alleged biases that the jurors may have had about medical mistreatment.

Ultimately, the evidence that was admitted relating to the medical practice was appropriate. There is no doubt that the fraudulent conduct of Defendant Malik and Dr. Sherlekar

negatively affected the level of care rendered to patients. Particularly, the regular practice of having one doctor rather than two present when anesthesia was administered and the occasions when Dr. Sherlekar simply walked out of the room when patients were under anesthesia were obviously inappropriate. In addition, the inadequate performance by the urine testing kickback provider was detrimental to the medical practice but tolerated due to the financial benefit provided by the kickback payments.

Defendant Malik was not entitled to a trial that falsely portrays the manner in which his medical practice was conducted. The Court finds that the Government did not improperly present evidence or argument that was unfairly prejudicial to Defendant Malik. Moreover, the Court provided adequate limiting instructions to the jury and/or the witnesses regarding this type of evidence when it arose. See, e.g, Trial Tr. III-210:26 to III-211:10 (October 13, 2017), Trial Tr. III-203:16 to III-204:6 (October 13, 2017), Trial Tr. 170:10-14 (October 18, 2017).

The Court finds that there was no reasonable probability that the jury verdict was improperly influenced in a way that justifies a mistrial. United States v. Barnes, 747 F.2d 246, 250 (4th Cir. 1984) (explaining that the "general standard for determining if the evidence is prejudicial is whether there is

3

'a reasonable possibility that the jury's verdict was influenced by the material that improperly came before it'").

* * *

For reasons stated in the record and in this Order, Atif B. Malik, M.D.'S Motion for A Mistrial [ECF No. 250] is DENIED.

SO ORDERED, this Tuesday, November 07, 2017.

/s/_____
Marvin J. Garbis
United States District Judge
