IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | *   CRIM. NO. JKB-16-0324 |
| ATIF BABAR MALIK, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

The Defendant Atif Babar Malik was sentenced to a period of 96 months' imprisonment after being found guilty of several counts related to healthcare fraud and tax evasion. (ECF No. 423.) Malik is currently incarcerated at FCI Loretto. He has now filed a Motion for Compassionate Release (ECF No. 505) in light of the COVID-19 Pandemic Crisis. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020.) He also filed a Motion to Strike the Government's Response in Opposition (ECF No. 513). No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, the Motion for Compassionate Release and the Motion to Strike will be DENIED.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." A defendant may only move for compassionate release under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Malik filed a request with the warden of

1

his institution for compassionate release, which was denied on April 23, 2020.  (*See* ECF No. 505-1 at 20).  The Government does not dispute that Malik has satisfied the procedural requirements of § 3582(c)(1)(A).  (ECF No. 511 at 36.)  Therefore, the question facing the Court is whether Malik has provided evidence establishing the existence of "extraordinary and compelling" reasons for his release.

Under 28 U.S.C. § 994(t), the United States Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."  The Commission has stated that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least 65 years old and has served ten years or 75% of his term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction.  *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), "which was enacted to further increase the use of compassionate release and which explicitly allows courts to grant such motions even when B[O]P finds they are not appropriate."  *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019).  This Court and many others have determined that under the First Step Act, "BOP is no longer the exclusive arbiter of what constitutes other 'extraordinary and compelling reasons,'" and that courts may now "independently determine what constitutes other 'extraordinary and compelling reasons' for compassionate release[.]"  *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020).  This Court likewise has held that

"medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *Id. See also*, *United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish his entitlement to compassionate release by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

The totality of the circumstances do not establish extraordinary and compelling reasons for compassionate release. Malik has identified medical conditions which, in spite of his relatively young age, increase his risk of severe illness should he contract COVID-19.[1] Malik has been treated for hypertension, hypercholesteremia, coronary artery disease, cardiac angina, diabetes, and benign prostatic hypertrophy. (*See* ECF No. 505-1 at 8.) He also has had at least one heart attack and serious blockages in his coronary artery. (*See* ECF No. 512-1 at 4.) The CDC has confirmed diabetes and certain heart conditions are associated with a heightened risk of severe illness from COVID-19 and has found that certain of Mr. Malik's other conditions, such as hypertension, might enhance an individual's risk of severe illness as well. *See* Coronavirus Disease 2019 (COVID-19): People Who Are at Increased Risk for Severe Illness, CTRS. FOR DISEASE CONTROL, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed July 15, 2020). These medical conditions weigh in favor of a finding of extraordinary and compelling reasons for release.

However, weighing against a finding of extraordinary and compelling reasons for release is the fact that there are currently no confirmed active cases of COVID-19 among inmates or staff

---

[1] The Court notes that Malik challenges the Government's position regarding the existence and severity of his health conditions. For the purposes of this Order only, the Court accepts Malik's assertions regarding his health conditions.

3

at FCI Loretto. *See* COVID-19 Cases, BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed July 15, 2020). Also weighing against release is the fact that Malik has served only roughly 28 months of a 96-month sentence for serious crimes. (See ECF No. 505 at 15.) Collectively, these two factors outweigh Malik's medical condition, and lead the Court to find that extraordinary and compelling reasons for release do not exist at this time.

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Malik's legitimate concerns about his heightened risk. However, the Court finds that both the current situation at FCI Loretto and the fact that Malik has served only a small portion of his eight-year sentence weigh against judicial relief. In light of these latter two considerations, Malik's Motion for Compassionate Release (ECF No. 505) is DENIED. However, this denial is without prejudice to Malik's ability to make an updated request should conditions substantially change at FCI Loretto or a serious outbreak occur. Additionally, the Court urges Malik to continue to pursue his administrative remedies with BOP.

Malik's Motion to Strike (ECF No. 513) is also DENIED. The Court recognizes that the Government filed its response in opposition one day late and that this submission exceeded the page limits set under Local Rule 105.3. However, the Court in its discretion declines to strike the response in opposition for these relatively minor rule violations.

DATED this 15th day of July, 2020.

BY THE COURT:

/s/

James K. Bredar
Chief Judge

5