IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-16-0324 |
| ATIF MALIK, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court are Atif Malik's Motion for Sentence Reduction (ECF No. 565) and his Motion for Summary Judgment (ECF No. 575). For the following reasons, Malik's Motions will be denied.

As is relevant for the pending Motions, Malik was sentenced to a 96-month prison sentence, followed by three years of supervised release. (ECF No. 423.) He has been released from Bureau of Prisons ("BOP") custody, and was no longer in BOP custody when he filed the instant Motions. *See* BOP Inmate Locator, available at https://www.bop.gov/inmateloc/ (reflecting that Malik was released in December 2023).

Malik filed his Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and 28 U.S.C. § 2241. (*See* ECF No. 565.) He "moves the court for relief . . . for the failure of the Federal Bureau of Prisons to apply all Earned Time Credits ('ETC') under the First Step Act [('FSA')] and the Second Chance Act ('SCA') to [his] sentence[.]" (*Id.* at 1.) He alleges that BOP failed to properly calculate and apply his earned time credits, and seeks "that all credits be applied to early termination of supervised release, due to the fact [that] 1555 days of credit [were] not properly calculated by the BOP." (*Id.* at 7)

In short, the Court cannot grant Malik the relief he seeks. The Supreme Court has observed that the length of a term of supervised release is not reduced "by reason of excess time served in prison," noting that the "rehabilitative ends [of supervised release are] distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59–60 (2000). Further, many courts have concluded that time credits cannot be used to reduce a term of supervised release. *See, e.g., United States v. Calabrese*, Crim. No. 11-00437, 2023 WL 1969753, at *3 (N.D. Ohio Feb. 13, 2023) ("[T]his Court finds that FSA credits cannot be used to reduce a term of supervised release."); *Goldblatt v. Ortiz*, Civ. 20-19987, 2022 WL 1639007, at *2 (D.N.J. May 24, 2022) ("[T]he supervised release statute, 18 U.S.C. § 3624, does not permit a court to credit a supervised release term with a period of excess prison time."); *Harrison v. Fed. Bureau of Prisons*, Civ. No. 22-14312, 2022 WL 17093441, at *1 (S.D. Fla. Nov. 21, 2022) ("Based on the plain text of the statute, FSA credits cannot be used to shorten a term of supervised release. Rather, the credits can only be used to allow early transfer to supervised release."); *United States v. Marlow*, Crim. No. 15-00018-011, 2024 WL 3691694, at *1 (W.D. Va. Aug. 6, 2024) (explaining that the relevant provisions "clearly contemplate that the earned time credits are to be applied to reduce an incarcerated person's term of imprisonment, rather than reduce any term of supervised release as sentenced by the court").

The Court finds the reasoning in the above-referenced cases persuasive, and concludes that—even assuming, without deciding, there was a miscalculation of his earned time credits—the Court cannot shorten his term of supervised release by reason of such miscalculation. None of Malik's arguments to the contrary are availing.

Further, the appropriate mechanism for requesting a reduction of a term of supervised release is a motion filed pursuant to 18 U.S.C. § 3583(e)(1). That provision provides that "[t]he

court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) [] terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" However, Malik did not bring his Motions under this provision, and he does not address the relevant factors, which include (but are not limited to): "the nature and circumstances of the offense and the history and characteristics of the defendant"; the need for the sentence "to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant"; "any pertinent policy statement"; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a).

For the same reasons discussed above, the Court will also deny Malik's Motion for Summary Judgment.

Accordingly, it is ORDERED that Malik's Motions (ECF Nos. 565, 567) are DENIED.

DATED this 24 day of October, 2024.

BY THE COURT:

_____
James K. Bredar
United States District Judge