IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-16-0324 |
| ATIF MALIK | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Atif Malik's *pro se* Motion for Early Termination of Supervised Release pursuant to 18 U.S.C. § 3583(e)(1).[1] (ECF No. 599.) For the reasons set forth below, the Motion will be denied.

On October 27, 2017, a jury convicted Malik on 25 counts relating to a health care fraud scheme. (ECF No. 272.) On February 9, 2018, before sentencing, Malik was incarcerated because the Government discovered that Malik had applied for a Pakistani passport and may have been attempting to flee. (ECF No. 412 at 4.) In June 2018, Malik pled guilty to an additional count relating to the fraud scheme. (*Id.*) On September 11, 2018, this Court sentenced Malik to 96 months of imprisonment to be followed by three years of supervised release. (ECF No. 423.) Malik was released from custody on December 3, 2023. (ECF No. 601 at 2.) His supervised release is set to run until December 3, 2026. (*Id.*)

Malik now requests that the Court exercise its discretion under 18 U.S.C. § 3583(e)(1) to terminate his supervised release early. After considering the factors laid out in 18 U.S.C. §

---

[1] Three days after the Government filed its Opposition to Malik's Motion (ECF No. 601), Malik filed an "Addendum" to his Motion (ECF No. 604). Although the "Addendum" has been docketed as an "Amended Motion," the Court construes this filing as a reply to the Government's Opposition Memorandum.

1

3553(a), a district court may terminate a term of supervised release after the defendant has served at least one year of the term "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). However, "[n]either the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination." *United States v. Farris*, No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

In his Motion, Malik asserts that he has complied fully with the terms of his supervised release so far, has a spotless record as a physician, and is unable to get re-licensed as a doctor while on supervised release. In the "Addendum" to his Motion, Malik emphasizes this last point. He purports to provide a quote from an upcoming amendment to the United States Sentencing Guidelines which instructs courts to consider whether a defendant is unable to obtain a professional license due to supervised release status. Malik also purports to cite several state administrative codes which show that he is barred from re-licensure while on supervised release.

The information in Malik's Addendum is not accurate. The Guidelines amendment does not contain the language that Malik attributes to it, and the state administrative code provisions that Malik cites either do not exist or do not contain the information that he attributes to them.[2]

As to the remainder of Malik's argument, the Court concludes that early termination of supervised release is not warranted. The Court recognizes that Malik has so far complied with the conditions of supervised release, but as noted above, this is not a sufficient basis for early termination of supervised release. Furthermore, while Malik poses little risk to public safety and

---

[2] While the Court affords *pro se* litigants substantial latitude in their filings, that does not provide permission to include nonexistent quotations and citations. In particular, when using generative artificial intelligence, litigants must be aware "that such platforms sometimes 'hallucinate,' meaning they provide inaccurate responses." *See Kruglyak v. Home Depot U.S.A., Inc.*, 774 F. Supp. 3d 767, 770 (W.D. Va. 2025). In the legal research context, this can result in fake legal citations and misrepresentations of legal documents. *See id.* In the future, Malik is instructed to take care that his filings with the Court do not contain any such "hallucinations."

has support from community members, the Court is also cognizant of the seriousness of the offense, *see* 18 U.S.C. § 3553(a)(1), and the need for the sentence to reflect that seriousness, *see* 18 U.S.C. § 3553(a)(2)(A). Malik engaged in a brazen scheme to enrich himself, defraud the United States, and potentially put his patients' health at risk. While Malik's record as a doctor may otherwise be unblemished, that does not diminish his responsibility for these crimes. The original sentence the Court imposed reflected this. Overall, after consideration of the § 3553(a) factors, the Court finds that the conduct of the defendant and the interests of justice do not justify a modification of this sentence.

Accordingly, it is hereby ORDERED that Defendant Atif Malik's Motion for Early Termination of Supervised Release (ECF No. 599) is DENIED. The Addendum to Malik's Motion, listed as an "Amended Motion" on the docket (ECF No. 604), is also DENIED.

Dated this __19__ day of September, 2025.

BY THE COURT:

_____
James K. Bredar
United States District Judge